```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| AOLE BLACKMAN-WRIGHT, | : | |
| | : | Civil Action No. 11-0911 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| CHARLES ELLIS, | : | |
| | : | |
| Defendant. | : | **CLOSED** |

IT APPEARING THAT:

1. On February 18, 2011 Plaintiff Aole Blackman-Wright, previously confined at Passaic County Jail, filed this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

2. The matter was administratively terminated on March 3, 2011 because, while Plaintiff did submit an in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), he failed to comply with the requirement to include a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2).  While Plaintiff did provide a statement, the statement provided only reflected a time period of August 31, 2010 to January 3, 2011 and thus was not for a full six month time period as required by the statute.

3. On March 17, 2011 the Clerk of the Court received correspondence from Plaintiff indicating that he had been

      released from incarceration.

4. On March 21, 2011 the Clerk of the Court received correspondence from Plaintiff stating that due to a computer failure at the facility, account information could not be obtained prior to August 31, 2010.

5. To the extent that Plaintiff asserts failure of the facility computer system, he has not provided any evidence to support that assertion in the form of certification from a prison official to confirm the problems with the facility record keeping system or any other such information that would aid the Court in the assessment of Plaintiff's application given that the six-month statement was not provided.

      IT IS THEREFORE on this 22nd day of August, 2011,

      ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

      ORDERED that Plaintiff's renewed request to proceed in forma pauperis is DENIED; and it is further

      ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee; and it is further

      ORDERED that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building and U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608, within 30 days of

the date of entry of this Order; Plaintiff's writing shall include either (1) a complete <u>in</u> <u>forma</u> <u>pauperis</u> application, including information from the facility at which Plaintiff was confined to support the assertion that the six-month account statement could not have been obtained, or (2) the $350 filing fee; and it is further

    ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED".

/s/ Joel A. Pisano<br>
Joel A. Pisano<br>
United States District Judge